UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARTEZ PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-03408-SEP |
| | ) | |
| UNKNOWN, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of Plaintiff Martez Pearson ("Plaintiff") for leave to commence this civil action without prepayment of the required filing fee. Doc. [4]. Having reviewed the motion and the financial information submitted in support, the Court has determined that Plaintiff lacks sufficient funds to pay the entire filing fee. Therefore, the Court will assess an initial partial filing fee of $34.70. *See* 28 U.S.C. § 1915(b)(1). Also before the Court is Plaintiff's Motion to Appoint Counsel, (Doc. [2]), his Motion Requesting Summons to Issue, (Doc. [8]), and his Motion Requesting Temporary Restraining Order, (Doc. [9]). For the reasons discussed below, Plaintiff's Motion Requesting Temporary Restraining Order will be denied, and this action will be dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). Additionally, Plaintiff's Motion to Appoint Counsel and his Motion Requesting Summons to Issue will be denied as moot, as the action is being dismissed.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or

1

her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his Motion for Leave to Proceed In Forma Pauperis, Plaintiff submitted a copy of his certified inmate account statement. Doc. [7]. The account statement shows an average monthly deposit of $173.50. The Court will therefore assess an initial partial filing fee of $34.70, which is twenty percent of Plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a pro se litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983. His complaint names Prosecuting Attorney Unknown and Assistant Prosecuting Attorney Ron William Dreisilker as Defendants. Doc. [1] at 2-3. The Defendants are sued in both their official and individual capacities. Plaintiff alleges that Defendants violated his

constitutional rights in prosecuting him for motor vehicle theft in Missouri state court. Doc. [1] at 4.

On July 24, 2017, Plaintiff was charged with two counts of stealing a motor vehicle. According to Plaintiff, the criminal case against him was docketed as *State of Missouri v. Pearson*, 17SL-CR05911-01 (21st Cir., St. Louis County).[1] Plaintiff was indicted by a grand jury on August 29, 2017. Ultimately, one of the motor vehicle theft counts was dismissed. Defendants proceeded with the prosecution and trial of the remaining count. Doc. [1] at 5.

Plaintiff alleges that he "was denied the compulsory process for obtaining witnesses in his favor." Doc. [1] at 4. He also claims that Defendants "acted maliciously in proceeding with prosecution," and that they "committed misconduct before the grand jury." Doc. [1] at 5. As a result, Plaintiff asserts that he was falsely imprisoned.

Plaintiff states that Defendants' misconduct and malicious prosecution amounts to an "intentional infliction of emotional and mental distress." Doc. [1] at 6. This has caused him to suffer from depression, anxiety, and PTSD. Plaintiff further states that Defendants violated his rights to due process and equal protection, and that he has been subjected to double jeopardy and cruel and unusual punishment. Doc. [1] at 7. He accuses Defendants of being dishonest and corrupt, and of using "their great power of office to influence the grand jury as an engine of oppression to be entirely safe from inquiry under a seal of secrecy." Doc. [1] at 8. He asserts

---

[1] The Court has reviewed Plaintiff's criminal case and the corresponding appeal on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"). Review of the docket sheet indicates that Plaintiff was charged with two counts of stealing a motor vehicle, a class D felony. The state dismissed one of the counts, and the matter proceeded to trial on June 26, 2018. Plaintiff was found guilty. On August 17, 2018, he was sentenced to seven years' imprisonment. The Missouri Court of Appeals affirmed his conviction and sentence on October 8, 2019.

that there was no proof to support an indictment, meaning that the indictment should have been quashed. Doc. [1] at 8-9.

Plaintiff seeks $1.8 million in actual damages and $30 million in punitive damages. Doc. [1] at 11, 13.

## Discussion

Plaintiff is a pro se litigant who brings this action pursuant to 42 U.S.C. § 1983. He alleges that Defendants, both prosecuting attorneys, maliciously prosecuted him, and engaged in misconduct before the grand jury. For the reasons discussed below, this action will be dismissed without prejudice.

### A. Official Capacity Claims

Plaintiff has failed to state an official capacity claim against either Defendant because he has not presented any claims against their employer. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, both Defendants are alleged to be prosecutors for St. Louis County. As such, the official capacity claims against them are actually claims against St. Louis County itself.

A local governing body such as St. Louis County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, Plaintiff must establish the governmental entity's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, Plaintiff has three potential avenues by which to prove St. Louis County's liability for the purported violations of his constitutional rights.

First, Plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or

decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, Plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, Plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, Plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, Plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to "specifically plead the existence of an unconstitutional policy or custom . . . ." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, Plaintiff has not alleged sufficient facts to establish St. Louis County's liability for allegedly violating his constitutional rights on any of the above-described grounds. There are no facts indicating that St. Louis County had an unconstitutional policy, as Plaintiff points to no

7

policy statement, ordinance, regulation, or official decision as causing him harm. Likewise, he has alleged no facts demonstrating an unconstitutional custom, as he makes no suggestion of widespread misconduct among St. Louis County employees, much less that county officials were indifferent to such misconduct. Finally, Plaintiff has not alleged that his constitutional rights were violated due to a failure on the part of St. Louis County to train its employees.

Because Plaintiff has not stated a claim against St. Louis County, his official capacity claims against Defendants must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where the plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of the plaintiff's rights).

### B. Individual Capacity Claims

Plaintiff has likewise failed to state an individual capacity claim against either Defendant because both are entitled to absolute prosecutorial immunity. Prosecutors are immune from § 1983 liability so long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). *See also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). Prosecutors' immunity from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the state in a criminal prosecution. *Id.* A prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id.*

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th

8

Cir. 2016). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006).

Prosecutorial immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Sample*, 836 F.3d at 916. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). *See also Woodsworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (explaining "that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence").

Here, both Defendants have absolute prosecutorial immunity from suit because Plaintiff complains about actions they took as advocates for the State of Missouri in a criminal proceeding. Specifically, Plaintiff complains of the way Defendants presented his case to the grand jury, activity that was clearly taken in their roles as advocates. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (explaining that prosecutorial acts entitled to absolute immunity "include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made"). Plaintiff repeatedly accuses Defendants of maliciousness, misconduct, and corruption; however, as noted above, such allegations are insufficient to overcome absolute immunity. *See Sample*, 836 F.3d at 916; *Reasonover*, 447 F.3d at 580; *Saterdalen*, 725 F.3d at 842; and *Woodsworth*, 891 F.3d at 1089. Because Defendants are

9

absolutely immune from suit, Plaintiff has failed to state a claim against them. Thus, Plaintiff's claims against Defendants in their individual capacities must be dismissed.

Even if Defendants were not immune from suit, this action would still be subject to dismissal due to Plaintiff's failure to state a plausible claim for relief. Plaintiff's "Statement of Claim" is composed almost entirely of legal conclusions or recitations of the elements of a cause of action. For instance, he continually asserts that Defendants were malicious and committed misconduct, but he provides no factual allegations describing their actions. Moreover, he claims that Defendants violated various constitutional provisions but again provides no factual support for his propositions. Finally, at no point does Plaintiff's complaint allege facts connecting each individual Defendant to the challenged actions. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

A court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). However, "[a] pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief." *Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018). In other words, a "pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). Plaintiff's vague and conclusory allegations are insufficient to state a claim. Therefore, for this reason as well, Plaintiff's individual capacity claims against Defendants must be dismissed.

**C. Motion to Appoint Counsel and Motion Requesting Summons to Issue**

Plaintiff has filed a Motion for Appointment of Counsel, Doc. [2], and a Motion Requesting Summons to Issue, Doc. [8]. Both motions will be denied as moot, as this action is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**D. Motion for a Temporary Restraining Order**

Plaintiff has filed a Motion for a Temporary Restraining Order, seeking to enjoin the actions of unnamed officers, agents, and employees of the Missouri Eastern Correctional Center. Doc. [9]. An injunction is an extraordinary remedy never awarded as of right. *See Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). In determining whether to grant injunctive relief, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). Regarding the issue of whether a situation is ripe for injunctive relief, the Eighth Circuit has noted that courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id*. at 521. The burden of proving that an injunction should be issued rests with the party seeking injunctive relief. *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

In his request for a temporary restraining order, Plaintiff asks for an injunction to stop unnamed parties from harassing him due to his pending lawsuit. Doc. [9] at 2. He also seeks an injunction against unnamed parties to keep them from "destroying" his property.

Plaintiff has not carried his burden of showing an injunction should be issued. Plaintiff's Motion for a Temporary Restraining Order contains only two conclusory statements requesting relief, without any factual allegations about what has allegedly occurred. Plaintiff has also neglected to name the parties he believes responsible for harassing him or destroying his property. Thus, Plaintiff has not provided the Court with any basis for concluding that any of the four temporary restraining order factors weigh in his favor. As such, Plaintiff's Motion for a Temporary Restraining Order must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis, Doc. [4], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $34.70 within twenty-one days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [2], and Motion Requesting Summons to Issue, Doc. [8], are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order, Doc. [9], is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of April, 2020.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE